## WOOD v. UNITED STATES (two cases).
### Nos. 16146, 16148.

District Court, E. D. Pennsylvania.
Dec. 23, 1931.

Robert T. McCracken, of Philadelphia, Pa., for plaintiff.

Edward W. Wells, U. S. Atty., of Philadelphia, Pa., for defendant.

DICKINSON, District Judge.

The above two cases raise the same question and are ruled alike.

The question raised by this rule can be compressed into small compass. It is whether a sum of money given by will by a father to his son is a legacy or taxable income of the son. Each plaintiff with his father and brother composed the membership of a firm. By the articles of agreement, the firm was not to be dissolved by the death of any partner during the term of the partnership, but the executors of the deceased partner were given the option of receiving his interest in the partnership assets, payable within a year, or to continue his membership until the date of dissolution. The father died within a year of the termination of the partnership, and his executors elected to continue his interest. His share of the profits from the end of the year to his death was something in excess of $95,000. By his will he gave whatever his share of the profits might be up to the time of his death to his residuary legatees, and the part accruing from his death to his two sons, who were his partners. The bookkeeper of the firm, knowing of the will, and doubtless to facilitate a settlement of the partnership with the estate of the father on the winding up of its affairs, credited the $47,775.73 of firm profits payable to the father to the accounts of each of the sons. The taxing authorities included this in the individual taxable income of each, who, after payment, has each now sued to recover what was thus, as he claims, unlawfully exacted of him. No other question is raised than the propriety of including these moneys in the assessment of the tax.

As we view it, the sum given to the plaintiff by the will of the father is so clearly a legacy and not taxable income that the question does not call for discussion. As counsel who argued the case for the defendant has well urged the moneys in question representing a share in the profits of the firm were beyond doubt income and taxable as such. What he has overlooked, however, is that what may be income to one may be capital to another, and this oversight has led him to argue fallaciously. A man may, for illustration, be in receipt of sums of money from his earnings, from interest, and from dividends. Clearly this is income to him; but if he contributes a part of it to the capital of a firm it is not income to the firm because it was income to him. The father bequeathed to the plaintiff this sum of $47,775.73. It is true that it came to the father as part of his profits from the firm, but it is precisely the same to the plaintiff, to his father's estate, and so far as we are able to see, in legal intendment as if it had been a simple legacy without reference to the source of the money,

or as if it had been made payable out of a mortgage or other investment of the father. It is conceivable that a testator may have been a tenant for years in a number of properties, and that his whole estate consisted of income therefrom which has accrued up to the time of his death and the end of his tenancy, and was afterwards paid into his estate. Surely what his legatees received would be received as legacies, not taxable income to them, although it was all income to the testator. Nor do we see that it would be any more taxable income if, instead of giving them legacies expressed in terms of a sum of money, he had expressed it as a sum given to each, measured by the income received from a named source for a given time. Neither in practical effect nor in legal intendment is what is done changed if he describes what he gives as a share in or the whole of the income payable to him or coming to him from a named source.

We see no help to be derived from the statutes dealing with the subject of what income is taxable to an estate and what deductions are to be allowed for parts of it received by beneficiaries. What is there being dealt with is income, and Congress has provided that it shall be taxed to him who receives it. What we are dealing with is a sum of money which was once income and went into the father's estate as income, but when it was received by the son did not come to him as part of his income, but came to him as a legacy. The whole argument is summed up in this statement.

The rule for judgment is made absolute.